[Department Two. — October 11, 1883.]

## ESTATE OF MICHAEL McKINNON, DECEASED, T. C. STOCKTON, PUBLIC ADMINISTRATOR, APPELLANT.

PUBLIC ADMINISTRATOR — RIGHT TO LETTERS — PREFERENCE TO CREDITORS.— Under section 1365, Code of Civil Procedure, the public administrator is entitled to letters of administration in preference to creditors.

ID. — WAIVER OF RIGHT — SECOND APPLICATION. — A public administrator who applies for letters in his individual capacity as a creditor of the deceased, does not thereby waive his right to make a subsequent application in his official capacity.

APPEAL from an order of the Superior Court of the county of San Diego,

The facts are stated in the opinion of the court.

*Conklin & Hunsaker*, for Appellant.

*F. L. Aude*, for Respondent.

MYRICK, J.— One Stockton presented a petition as creditor for letters of administration, Ubach and Keating also presented a petition as creditors, and thereafter, said Stockton presented his petition as public administrator.   After due notice given on each, all the petitions came on for hearing, when Stockton withdrew his petition as creditor.   Thereupon the court made the following order, which order is appealed from:—

"At this time the court denies the petition of T. C. Stockton for letters of administration herein as public administrator, and grants the petition of A. D. Ubach and Michael Keating, asking that letters of administration be granted to A. D. Ubach and Michael Keating, the court holding that said Stockton waived his right as public administrator to have letters herein when he applied first for letters as a creditor, and that he was thereby estopped from a right to make the second application as public administrator, and he having dismissed his application only at the hearing, and petitioners Ubach and Keating having filed their petitions for letters after Stockton's petition for letters as a creditor, but before his petition for letters as public administrator was filed.

"And thereupon the court made its order in the usual form, directing that letters of administration upon the estate of said deceased be issued to said Ubach and Keating, upon their taking the oath and filing a bond according to law, in the sum of three thousand five hundred dollars."

In withdrawing the petition as a creditor, and in standing on the other petition, there was no waiver of the latter, nor was Stockton estopped from urging his claim to letters as public administrator.   As such officer he was entitled to letters in preference to creditors.   (§ 1365, Code Civ. Proc.)

The order is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.