## ESTATE OF MARY HEROLD, DECEASED.

[No. 11,096; decided August 14, 1891.]

**Administration—Right of Minor to Letters of Administration.**— Minors are entitled to letters of administration on an equality with persons of full age, except that the letters cannot issue to them directly but to their guardians for them.

**Administration—Right of Minor to Letters.**—The right of minor children (their father being dead) to letters of administration on the estate of their mother comes into being at the moment of her death, and not at the time their guardian is appointed.

**Administration—Right of Minor to Letters as Against Public Administrator.**—Where minors are the sole heirs to their mother's estate, they are entitled to letters of administration thereon as against the public administrator.

**Administration—Priority as Between Petitions Filed at Different Times.**—The fact that the public administrator files the first petition for letters of administration does not give him a better right than the guardians of the minor children of the deceased, whose petition is filed a few days later. The statute nowhere provides for or recognizes any superior right for any such reason.

**Administration—What Law Governs.**—Where Applicants Claim Under Different Classes, the law at the time of the hearing governs; a person may be entitled to letters at the time of filing his petition under the first class, and yet, at the time of hearing, the statute may be so changed that he will be in the second class, and a person who was in the fifth class might, by such change, then be in the first class.

Mary Herold died intestate on June 20, 1891, leaving a number of minor children who were her sole heirs. Her husband had died before her. On June 23, 1891, John D. Feldmann and Conrad Viereckt filed their petition for letters of guardianship of the persons and estates of the minor children. They were appointed such guardians, and letters of guardianship issued to them on July 1, 1891, and on July 3, 1891, they filed a petition for letters of administration on the estate of the deceased mother. On June 29, 1891, A. C. Freese, the public administrator, filed a petition for letters of administration on the estate of the decedent.

The petitions of the guardians and of the public administrator were heard together on August 3, 1891.

George W. Hupers, for the guardians.

J. D. Sullivan, for the public administrator.

COFFEY, J.   The guardians claim the right to letters of administration under the express provisions of sections 1365 and 1368, Code of Civil Procedure.

The public administrator claims the right to letters of administration by reason of having filed his petition therefor before a guardian for the minor children of deceased could be appointed, and bases his claim exclusively upon the decision of this court in the Matter of the Estate of Charles J. Vane, Deceased, No. 10,415.

Decedent left three minor children as her next of kin and heirs at law.

Section 1365, Code of Civil Procedure, provides that "Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they *are respectively entitled thereto in the following order:* . . . .

"2. The children. . . . .

"8. The public administrator."

The law provides (Code Civ. Proc., sec. 1368), that, if the persons entitled to letters of administration are minors, letters must be granted to their guardian, thus securing the rights of minors through their guardian, and placing them in all other respects on the same footing as majors.   If the children in this case had been of age the public administrator would undoubtedly concede that they were entitled to letters. As the statute (section 1368) places minors on an equality with persons of full age, except that the letters must not be issued to them directly, but to their guardian for them, I fail to see by what authority they can be deprived of this right. Their right to letters came into being at the moment of their mother's death, and not at the time their guardian was appointed, the latter merely acting in their place and stead, and the same has not been waived or lost by them.

Section 42 of the Civil Code provides that a minor may enforce his rights by civil action or other legal proceedings in the same manner as a person of full age, except that a guardian must conduct the same; and section 1769, Code of

Civil Procedure, requires the guardian to appear for and represent his ward in all legal proceedings.

Estate of Vane, cited by counsel for public administrator, is not applicable to this case for the reason that the facts are entirely different. In that case both petitioners claimed letters under subdivision 8 of section 1365, while in this case one claims under subdivision 2 and the other under subdivision 8. At the moment that Vane died the public administrator, which office was then filled by Mr. Pennie, became entitled to letters of administration. The hearing of Pennie's petition was set for December 29, 1890, and notice thereof given during his term of office. The petition of Mr. Freese was not filed until January 19, 1891, and the hearing thereon set for January 30th—more than one month after the day set for the hearing of Pennie's petition. In that case there was no question but what Mr. Pennie was at one time entitled to letters, but the contention was that he had lost that right by reason of the expiration of his term of office. The court held that Pennie's right was not lost by reason of the expiration of his term of office.

Mr. Freese does not claim in this case to have succeeded to the rights of the children, but claims in opposition thereto; while in the Vane case he claimed to have succeeded Pennie in his right to letters. Whatever right to letters the children or their guardians and Freese may have in this case arose at the same time, and not, as in the Vane case, those of Pennie at the moment of Vane's death, and those of Freese, if any he had, at the time he assumed the office of public administrator; and upon this latter ground the case was doubtless decided, and not upon the ground that one petition was filed before the other.

The mere fact that in the present case the public administrator filed the first petition does not give him a better right than the guardians of the minor children of the deceased, whose petition was filed a few days later. The statute nowhere provides for or recognizes any superior right for any such reason (see Estate of McKinnon, 64 Cal. 227, 30 Pac. 437, where letters were granted on the last petition filed), but, on the contrary, provides that "the court must

Prob. Dec., Vol. II—18

hear the two petitions together'' (section 1374), and on the hearing ''order the issuing of letters of administration *to the party best entitled thereto*'' (section 1375).

What occasion would there be for hearing both petitions together and issuing letters to the party best entitled thereto if the first petitioner is entitled to letters from the mere fact of having filed such first petition? Where the applicants claim under different classes, as in this case, the law at the time of hearing is to govern, so that a person may be entitled to letters at the time of filing his petition under the first class, yet at the time of hearing the statute may be so changed that he will be in the second class, and letters accordingly awarded to some other person who might happen to be changed from the fifth to the first class by such change in the statute. This was decided in the Estate of Cotter, Myr. 179, where the nominee of the widow claimed that the right to administer was vested at the date of the application, and could not be affected by any change in the law in that respect.

This is the contention of the public administrator in this case. The court there held that the law at the time of hearing was the rule to be followed.

Suppose in this case that the guardians had filed their petition for letters of administration at the same time that they filed their petition for letters of guardianship (June 23d), as they might have done, as any one has the right to apply for letters, their rights being considered by the court at the hearing, at which time they would show that they had been appointed guardians. According to the claim of counsel they would then be entitled to letters, as the public administrator's petition was not filed until June 29th. The course of procedure adopted by petitioners (guardians), whether applying before or after their appointment, surely cannot give or deprive a person of the right to letters.

If the claim of the public administrator that the right of guardians to letters comes into being at the time of their appointment as such, and that the rights of their wards for whom they apply cannot be considered, be sound and carried out, it will lead to this strange inconsistency in the law.

Subdivision 1 of section 1365 provides for and directs the appointment as administrator of some person whom the surviving husband or wife may request to have appointed; section 1379 authorizes the appointment of a competent person at the request of the person entitled to letters, and section 1368 that letters must be granted to the guardian of the person entitled where such person is a minor; yet in none of these cases could these express and mandatory provisions of the statute be enforced, because the right of such persons would only commence at the date of their nomination or appointment, at which time the public administrator's right to letters will have already "vested" as against such nominee or appointee. That this was not the intention of the law is too clear for argument. The guardians in this case occupy the same position and have the same right as the nominee of a surviving husband or wife or other party entitled, the only difference being that their nominee is selected and appointed by the court instead of by themselves.

That the public administrator should not have priority over the children or their guardian is evident from sections 1365 and 1368, already cited, as also by section 1726, Code of Civil Procedure, which specifies what estates are to be administered by public administrators, namely:

1. Estates for which no administrators are appointed, and which in consequence thereof are being wasted, uncared for, or lost;

2. Estates of decedents having no known heirs;

3. Estates ordered into his hands by the court;

4. Estates upon which letters of administration have been issued to him by the court.

In this case there is a special administrator, and the estate is being cared for, and not being wasted or lost, nor has the estate been ordered into his hands or letters of administration issued to him by the court, and there are known heirs of the decedent.

Should letters be granted to the public administrator in this case, the children will have the right to have the same revoked under section 1383, Code of Civil Procedure, through their guardian (Civ. Code, sec. 42), so that it would be a

useless and unnecessarily expensive proceeding to have an administrator appointed who could immediately be removed.

Feldmann and Viereckt, the guardians of the minor children of deceased, and the sole heirs of her estate, are clearly entitled to letters of administration, and their petition should be granted, and that of the public administrator be denied; and it is so ordered.

---

Right of Minors to Letters of Administration.—While the codes declare that no person is competent to serve as an administrator who is under the age of majority, they further declare that "if any person entitled to administer is a minor or an incompetent person, letters must be granted to his or her guardian, or any other person entitled to letters of administration, within the discretion of the court." The purpose of this section is to place the guardian of a minor, and the adult members of the class to which the minor belongs, upon the same footing as to the right to letters. Hence a court has power to grant letters to the guardian of a minor brother to the exclusion of an adult brother. The statute does not apply to a surviving husband or wife who, though under the age of majority, is old enough to contract a marriage. And it does not authorize a guardian to confer upon another, by written request, a right to administer, for he is not named in the code section enumerating the persons entitled to administer, and his only right to letters is as representative of the minor. The Nevada statute has been construed as not referring to a guardian appointed in some other state: 1 Ross on Probate Law and Practice, 326.